JAMES D. WEIR v. THE MICHIGAN STOVE COMPANY AND JEREMIAH DWYER.

*Wills—Construction of residuary clause.*

A testator devised *all* his property to his wife, who was to pay his debts. The next clause was as follows: "The half of the residue after her decease *to be paid* to my two sisters in Scotland, share and share alike; if either should die before my wife's death, then the other to have

the full half; if both should be dead, then let it be divided between their nearest heirs; the other half to be disposed of as my wife may direct." *Held* that the widow took the entire estate; and that the testator contemplated that if she sold it and did not use all the proceeds during her life, one-half of the residue should be paid to his sisters or their heirs, and the other should be disposed of as the widow should direct.

Error to Superior Court of Detroit. Submitted Oct. 22. Decided Oct. 27.

EJECTMENT by Weir for premises quit-claimed to him December 21, 1877, by Janet (Young) Hyndmarsh of Glasgow, Scotland, but claimed by defendants under a warranty deed given December 9, 1865, by Euphemia Young to Benjamin F. Morton, trustee, who conveyed them by warranty deed, July 19, 1866, to the Michigan Stove Works. Euphemia Young was the widow of Hugh Andrew Young and Janet Hyndmarsh was his sister, and both claimed the premises under his will. The widow died in January, 1877, and devised all her property, which consisted of the proceeds of that which was left by Hugh A. Young, to Janet Hendrie and Hannah Robertson, leaving nothing to her husband's sisters. Defendant had judgment below and plaintiff brings error. Affirmed.

*Romeyn & Romeyn* for plaintiff in error.

*George V. N. Lothrop* for defendant in error, the Michigan Stove Works, cited as analogous cases *Jones v. Jones* 25 Mich. 401; *Ide v. Ide* 5 Mass. 500; *Jackson v. Bull* 10 Johns. 19; *Jackson v. De Lancy* 13 Johns. 552; *Perry v. Merritt* L. R. 18 Eq. 152; *Parnall v. Parnall* L. R. 9 Ch. Div. 96; *Hughes v. Ellis* 20 Beav. 193; but see *In re Stringer* L. R. 6 Ch. Div. 1.

MARSTON, C. J. The construction of the will of Hugh A. Young, of which the following is a copy, is the question presented in this case.

"In the name of God, amen.

"I, Hugh Andrew Young, of the city of Detroit, county of Wayne and State of Michigan, of the age of 55 years, and being of sound mind and memory, do make, publish and declare this my last will and testament in manner following, that is to say, I give and bequeath all my property, of whatsoever nature, to my wife Euphemia, she paying all my just and lawful debts. The half of the residue after her decease to be paid to my two sisters in Scotland, share and share alike; if either should die before my wife's death, then the other to have the full half; if both should be dead, then let it be divided between their nearest heirs; the other half to be disposed of as my wife may direct, as I hereby appoint her my sole executrix of this my last will and testament.

"In witness whereof I have hereunto set my hand and seal this 15th day of March, in the year of our Lord one thousand eight hundred and fifty-eight.

[Signed]                    "H. A. YOUNG." [L. S.]

What estate did his wife take under this will? Taking the entire instrument and ascertaining the intention from the language used, I have no doubt but that Mrs. Young took the entire estate, and that the Stove Company under her deed of December 9, 1865, acquired all the title the testator had immediately preceding his death.

We have a statute which declares that every devise of land in any will shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate.  2 Comp. L. § 4323.

The language of the testator in the bequest to his wife is clear and unqualified and unless restricted by what follows would not be open to question.  Does it clearly appear by what follows thereafter that the devisor intended to convey less than his entire estate to his wife?  If there are doubts, then under the statute they must give way to the otherwise clearly-expressed intention.  It seems to me that the testator contemplated the fact that his wife might sell and dispose of his estate, but might not use during her life-time the entire proceeds thereof, and in case she did not, one-half the residue of such proceeds should be paid, after the decease of his wife,

to his two sisters, and the other half as his wife should have directed. The language used cannot I think be held to clearly indicate a division of real estate *and nothing else* after the death of his wife.

In my opinion this is the proper construction and the judgment below should be affirmed with costs.

The other Justices concurred.