ANNIBALE FERRARI & others *vs.* HENRY MURRAY.

Suffolk.   March 10, 11, 1890. — November 26, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Contract — Breach of Warranty — Evidence.*

In an action to recover a balance due upon an agreement to make a granite monument, to which the defence was a breach of the plaintiff's warranty that it should be free from imperfections, the defendant's evidence tended to show the existence of cracks in the granite and an attempt to conceal them.   On cross-examination, evidence was offered of the plaintiff's knowledge of a particular process, which was described, of mending and concealing cracks in granite. *Held,* that the evidence was properly excluded.

CONTRACT to recover a balance alleged to be due on an agreement in writing for the construction of a granite monument. Trial in the Superior Court, before *Barker,* J., who allowed a bill of exceptions in substance as follows.

The plaintiffs, who composed a firm of granite-cutters, agreed in writing to construct the monument in question for the defendant; and a warranty was embodied in the agreement, that the work should be free from all imperfections.   The defendant contended, and offered evidence to show, that the monument was cracked in several places, and that some of the cracks had been craftily and fraudulently mended or concealed by a process which was described, and sought to recoup the damages which he had suffered by reason of the monument not corresponding to the warranty.   The plaintiff Ferrari testified that he had never used

or seen used, and had no knowledge of, the process so described for concealing cracks in granite, and that to his knowledge it had never been used in their yard. To contradict this plaintiff, and to show his familiarity with the process by which, as the defendant contended, the cracks had been concealed, the defendant on cross-examination asked certain witnesses introduced by the plaintiffs, some of whom had worked upon the monument and all of them in the yard, whether they had ever seen any job of mending as above described done in the plaintiffs' yard, or under their direction. The judge excluded the questions, but ruled that the witnesses could be asked whether they had ever seen any cracks in the monument in question mended under Ferrari's observation or direction, or otherwise, by the process described.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

The case was argued at the bar in March, 1890, and afterwards was submitted on the briefs to all the judges.

*S. Z. Bowman,* for the defendant.

*J. L. Eldridge,* for the plaintiffs.

W. ALLEN, J. The defence was a breach of warranty that the monument should be free from all imperfections. The question put by the defendant to the plaintiffs' witnesses on cross-examination, to show the plaintiff Ferrari's knowledge of a particular process described to him of mending and concealing cracks in granite, was immaterial. The plaintiffs' knowledge of a process by which cracks could be concealed had no tendency to prove that cracks existed, and, if cracks did exist, it was immaterial whether the plaintiffs did or did not know of them, or attempt to conceal them. A majority of the court are of opinion that the entry should be,

*Exceptions overruled.*