DICKE, Appellant, vs. WAGNER and another, Respondents.

*January 18 — February 2, 1897.*

*Wills, construction of: Probate, effect of.*

1. Where two wills made by a testator, the second providing in substance that it should take effect only in case certain bequests in the first were declared void, were admitted to probate together as a will and codicil, *held* that, in the absence of any appeal therefrom, the probate was conclusive upon all parties as to the due execution of both, and that together they constituted the last will and testament of the testator, and that the first was not revoked by the second.

2. A first will provided, "This bequeath above made by me to my said wife I. W. shall not interfere with her right of dower, or be considered as part or parcel of payment of her right of dower or thirds. In case of my death she shall be entitled to all of her dower, thirds, or interest *as my widow,* in and to all *my other* property, the same as if the above bequeath had never been made;" and a second will, probated as a codicil, provided: "This bequeath shall not be considered as part payment of her dower interest or thirds in my estate. She shall be entitled, besides the above bequeath, to all under the law in such case made and provided, as *my widow,* if she shall survive me." *Held,* that these expressions constituted a devise to I. W. of such interest in the testator's land and homestead as she would have been entitled to by statute had she been his lawful wife.

APPEAL from a judgment of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. *Affirmed.*

Dicke vs. Wagner and another.

The facts of the case are fully stated in the opinion.

For the appellant there was a brief by *G. A. Forrest*, attorney, and *A. P. Schenian*, of counsel, and oral argument by *A. P. Schenian*. They took the ground that the second will revoked the bequest of furniture to *I. W.* by the first, in that it expressly omitted reference thereto and limited the total amount bequeathed to her. Where there are conflicting clauses the later one prevails. *Hendershot v. Shields*, 42 N. J. Eq. 317; *Heidlebaugh v. Wagner*, 72 Iowa, 601. The person named as wife was the niece of the testator and therefore could not lawfully be his wife, and was not entitled to dower or homestead rights, and a devise to her of those rights would be void. *De France v. Johnson*, 26 Fed. Rep. 891.

For the respondents the case was submitted on the brief of *Nash & Nash* and *Schmitz & Kirwan*.

CASSODAY, C. J. This is an appeal from a judgment of the circuit court, construing the last will and testament of Ernst Wagner, deceased. It appears from the record: That January 24, 1891, the deceased made his will, wherein and whereby he, in effect, gave, devised, and bequeathed to his wife, *Ida Wagner*, all his household furniture, without any exceptions or reservations; also one certain life insurance policy of $2,000 in the Germania Life Insurance Company of New York, on his life; also one other life insurance policy or certificate of $2,000, issued by the order of I. O. O. F. to him, and on his life, and held by him as a member of the Manitowoc Lodge, No. 194,— said policies to be paid to her at the time of his death, or as soon thereafter as adjusted. That such bequests should not interfere with her right of dower, or be considered as a part or parcel of payment thereof. That in case of his death she should be entitled to all of her dower, thirds, or interest as his widow, and in and to all his other property, the same as if the above bequests

had never been made. That on the next day, January 25, 1891, the deceased executed a second will, wherein and whereby, in effect, he gave, devised, and bequeathed to his wife, *Ida Wagner*, the sum of $4,000, to be paid to her out of his estate as soon after his death as it could be done, such bequest not to be considered as part payment of her dower interest or thirds in his estate. That she should be entitled, besides the above bequests, to all under the law in such case made and provided as his widow, if she should survive him. That such last will was to take the place of his will of January 24, 1891, in case that will should be declared invalid on the ground that he had no right to will and assign said life insurance mentioned in the same. That, if the first held good, then the last to be null and void. That such bequest should in no case exceed $4,000. That the testator died August 12, 1892. That October 18, 1892, it was ordered and decreed by the county court that both of said instruments be, and the same were thereby, allowed, admitted to probate, and established as and for the last will and testament of said Ernst Wagner, deceased,— the last executed being admitted as a codicil to the first. That no appeal was ever taken from that decree so admitting said instruments to probate. That upon the requisite petition and hearing of the parties the county court, July 18, 1893, made a decree, in writing, construing the will so admitted to probate. That thereupon the appellant and another — two of the children and heirs at law of said deceased — appealed from such decree so construing the will to the circuit court. That, upon a trial and hearing had, the circuit court found as matters of fact all of the facts found by the county court which constituted a part of the basis for its judgment in this matter; and as conclusions of law found, adopted, and held the same conclusions of law as had formed a part of the said judgment of said county court, and that the respondents were entitled in this matter to a judgment affirming in all

respects the said judgment of the county court, and for the costs of such appeal; and ordered judgment accordingly. From the judgment entered thereon accordingly the plaintiff, as such heir at law, brings this appeal.

The probate and allowance of the two written instruments in the county court, as provided by statute, no appeal having been taken therefrom, is conclusive upon all parties as to the due execution of the two instruments,— the first as a will and the second as a codicil; and that they together constituted the last will and testament of the deceased. R. S. sec. 2294; *Newman v. Waterman*, 63 Wis. 612. Error is assigned because the court construed the will as bequeathing to *Ida* the household furniture. This is based entirely on the theory that the second will revoked and set aside the first will. But the probate of both instruments is conclusive against the appellants. As the household furniture was expressly bequeathed to *Ida* by the first will, and there is nothing inconsistent with such bequest in the second will, it is conclusive upon the parties. The manifest purpose of executing the so-called second will was, as expressly indicated therein, that the testator was fearful that the first will would be ineffectual to transfer to *Ida* the insurance therein mentioned, and so, in place of such insurance, he bequeathed to her $4,000 by the second will.

Error is assigned because the court adjudged to *Ida* homestead and dower rights. As *Ida* was the daughter of the testator's own sister, it is conceded that his marriage to her was, under the statutes, an absolute nullity. R. S. secs. 2330, 2349. This being so, it is manifest that *Ida* could take no homestead or dower right merely by virtue of the statutes; in other words, she can only have such rights by virtue of the will. The exact language of the first will in this respect is as follows: "The bequeath as above made by me to my said wife, *Ida Wagner*, shall not interfere with her right of dower, or be considered as part or parcel of payment of her right of dower or thirds. In case of my death, *she shall be*

*entitled to all of her* dower, thirds, or interests as my widow, in and to all my other property, the same as if the above bequeath had never been made." And the exact language of the second will in this respect is as follows: "This bequeath shall not be considered as part payment of her dower interest or thirds in my estate. She shall be entitled, besides the above bequeath, to all under the law in such case made and provided, as my widow, if she shall survive me." We are constrained to hold that these expressions constituted a devise to *Ida* of such interest in the lands and homestead as she would have been entitled to by statute had she been the lawful wife of the testator.

*By the Court.*— The judgment of the circuit court is affirmed. The taxable costs of the respective parties in this court on this appeal are payable out of the estate.