John Michael Rissman, Admr., *et al. vs.* Frederick
    Wierth *et al.*—(Johann Mehl *et al.* Appellees, *vs.*
    Louis Richard, Appellant.)

*Opinion filed February 16, 1910.*

Judgments and decrees—*authorized agent and solicitor may
petition to open decree.* Section 19 of the Chancery act, permit-
ting parties not summoned or served, or who failed to receive the
notice sent to them by mail, to appear and petition to open the de-
cree within the time limited by such statute, does not require that
such persons shall personally appear in court, and it is sufficient
if they file a petition through a duly authorized agent and solicitor.

Appeal from the Circuit Court of DeKalb county; the
Hon. Duane J. Carnes, Judge, presiding.

C. I. McNett, and J. N. Finnegan, for appellant.

William Mannhardt, (H. S. Earley, of counsel,)
for appellees.

Mr. Justice Vickers delivered the opinion of the court:

John Michael Rupprecht died in DeKalb county July
21, 1890, leaving a last will and testament, by the second
clause of which he devised all of his estate, both real and
personal, to his "wife, Sabila Barbara Rupprecht, to hold
and to have to her, my said wife, and to her heirs and as-
signs forever." In the subsequent clause of the will it was
provided that at the death of his wife all of his property
should be sold and the proceeds given to a large number of
legatees, most of whom resided in Germany. The wife of
the testator died February 24, 1904. The administrator of
the widow's estate filed a bill to have the will construed and
for a partition of the estate. Louis Richard, claiming to
be the sole heir of Sabila Barbara Rupprecht, filed a cross-
bill claiming that he inherited the entire estate from Mrs.
Rupprecht, who, it was claimed, took the fee under the sec-

ond clause of her husband's will under the application of the rule in *Shelly's case*. The collateral heirs who resided in Germany were made parties under the name of "unknown heirs," and were served, as such, by due publication. Upon a hearing of the cause the circuit court held that the widow took a fee title under the second clause of the will, and that Louis Richard, as her sole heir, inherited the entire estate from her. Upon a review of the record in that case this court affirmed the decree of the circuit court. (*Rissman v. Wierth*, 220 Ill. 181.) Afterwards, on October 6, 1906, several nieces and nephews of Sabila Barbara Rupprecht who had been made parties to the original bill under the description of "unknown heirs" but who had not answered the bill or otherwise appeared, by their attorney, Mr. Vocke, filed their petition under the 19th section of our Chancery act, alleging that they had not been summoned in said cause or served with a copy of the bill and had not received the notice required to be sent them by mail, and further alleging that the said Louis Richard was not the sole heir of Sabila Barbara Rupprecht; that the said petitioners were a part of the legal heirs of Sabila Barbara Rupprecht, and entitled, in the aggregate, to two-thirds of the estate, and that said Louis Richard became seized, upon the death of his aunt, Sabila Barbara Rupprecht, of an undivided one-third of said premises instead of the entire interest, as erroneously adjudged and determined by the original decree. Upon a hearing of the matters alleged in said petition the original decree was vacated and a decree rendered in accordance with the facts set up in the subsequent petition, finding that the petitioners were the owners of two-thirds of the estate in fee and that Louis Richard was the owner of the other one-third part. Louis Richard has perfected an appeal from this decree, and insists upon a reversal for two reasons: First, because, he says, petitioners have not "appeared in open court," within the meaning and proper construction of section 19 of the Chancery act; and second,

because the evidence does not show that petitioners are, in fact, the heirs of Sabila Barbara Rupprecht.

The facts necessary to a determination of the questions involved are as follows: Sabila Barbara Rupprecht died as above stated, leaving no child or children, or descendants of such, surviving her. Louis Richard is the only surviving child of a deceased sister of Sabila Barbara Rupprecht. At the time the original decree was rendered it was supposed that said Richard was the only heir and entitled to the whole estate, and it was so decreed by the court. It appears now, from the evidence in this record, that Sabila Barbara Rupprecht had a sister of the whole blood, whose name was Cathrina Mehl, who died before Sabila Barbara Rupprecht, leaving the petitioners, Johann Mehl, Maria Wolkersdoerfer, Julia Ledermann, Elisabeth Haschka and Babette Mehl as her only children and heirs-at-law, and that petitioner Margaretha Schaetzler was a surviving sister of the half-blood of said Sabila Barbara Rupprecht; that all of said petitioners were non-residents of the State of Illinois and have all of their lives been residents of the empire of Germany. It affirmatively appears that none of the petitioners had any actual knowledge or notice of the pendency of the original suit until long after the decree had been entered. It appears that the petitioners paid into court $253.06 costs, which they were required to pay, under the order of the court, as a condition upon which the decree would be opened up and a hearing had touching matters set forth in their petition.

It appears from the affidavit of William Vocke that he is the agent and solicitor for the petitioners, and he makes oath that the facts set forth in the petition are true. The petitioners did not personally come into open court, but only appeared by their agent and solicitor, William Vocke. Appellant's first contention is that the court erred in vacating the decree upon a petition signed by an agent and
244—7

solicitor. His contention is that the statute requires the personal appearance of the petitioners in open court.

The 19th section of the Chancery act, (Hurd's Stat. 1908, p. 237,) under which this petition is filed, is as follows: "When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill, or received the notice required to be sent him by mail, and such person, his heirs, devisees, executor, administrator or other legal representatives, as the case may require, shall, within one year after notice in writing given him of such decree, or within three years after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf, the person so petitioning may appear and answer the complainant's bill, and thereupon such proceedings shall be had as if the defendants had appeared in due season and no decree had been made. And if it shall appear, upon the hearing, that such decree ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise the same shall be ordered to stand confirmed against said defendant. The decree shall, after three years from the making thereof, if not set aside in manner aforesaid, be deemed and adjudged confirmed against such defendant, and all persons claiming under him by virtue of any act done subsequent to the commencement of such suit; and at the end of the said three years, the court may make such further order in the premises as shall be required to carry the same into effect."

Appellant's contention is that the right, under the statute, to appear and petition is *stricti juris,* and insists that since the right is given by the statute only, the remedy must be pursued in the manner provided by the statute. We can not assent to this view. This statute is remedial, and its application, in a proper case, is intended to prevent a mis-

carriage of justice. But even if the strict rules of construction insisted upon by the appellant be applied, there is nothing in the statute that can be reasonably construed to require that the petitioners should appear in person and petition, etc. Appellant's whole argument on this point proceeds on the assumption that the statute requires that the defendants petitioning shall appear "personally" in open court. We are unable to discover any reason for requiring the personal appearance of the petitioners before the court. If they come in and submit themselves to the jurisdiction of the court by filing a· petition through a duly authorized agent and solicitor, they are before the court ·for all purposes that could be subserved if they were actually sitting in the court room. It would often be very inconvenient, and sometimes wholly impossible, for petitioners to appear in person before the court. In the case at bar the petitioners reside fully four thousand miles from the place where the court was being held. To require them to incur the expense and loss of time necessary to enable them to appear personally in court would be unreasonable, and more especially so in view of the fact that their presence in court would serve no useful purpose. The only matter that the court is concerned about is that the parties have submitted themselves to the jurisdiction of the court so that the matter may be finally disposed of. There is no ground for questioning the good faith of petitioners or the regularity of the manner in which they have appeared in court.

Appellant's second and only remaining contention is that the evidence does not establish the heirship of petitioners. The evidence on behalf of petitioners consists mainly of depositions, taken in Germany, of persons residing in the neighborhood where Mrs. Rupprecht was born and reared. These witnesses, John L. Rissman, Cathrina Wierth, Karl Kreutzer and Julius Reinhardt, and others, grew up in the neighborhood where Mrs. Rupprecht was born and where her family still resides. Their opportunities for knowing

the facts to which they depose were such that they could
not be mistaken about the family history and relationship
of petitioners to Mrs. Rupprecht. From their testimony
it appears that Mrs. Rupprecht's father was married three
times and her mother only once. Her mother was the first
wife. Of the children born of this union, four, besides
Mrs. Rupprecht, grew up to womanhood, viz., Cathrina,
Maria, Margaretha Barbara and Margaretha Julia Meck.
Cathrina married a man by the name of Mehl; Maria mar-
ried Neiderlohner; Margaretha Barbara married John
Michael Mayer, whose brother, Frederick Mayer, testifies
to the heirship; Margaretha Julia married the appellant's
father, Reichardt, and Sabila Barbara married Rupprecht.
Of the five daughters of the first marriage, Cathrina Mehl
died leaving five children, who are part of the petitioners
in this case. By his second marriage the father of Mrs.
Rupprecht left one daughter, Anna Margaretha Schaetzler,
who is still living and is the other petitioner. She is a half-
sister to Mrs. Rupprecht. It appears that all the other sis-
ters died without leaving issue, so that the estate of Mrs.
Rupprecht passed, by descent, one-third to Louis Reichardt
(Richard) as the sole representative of Margaretha Julia
Reichardt, and one-third to Anna Margaretha Schaetzler,
the half-sister, and one-third to the children of Cathrina
Mehl. The relationship of all of these parties to the de-
ceased, Mrs. Rupprecht, is satisfactorily established by the
depositions in the record and is corroborated by the parish
register of births and deaths, which was offered in evidence.

There are no other reasons urged for a reversal of this
decree. The decree of the circuit court of DeKalb county
will be affirmed.                        *Decree affirmed.*