WILL OF BROOKS: BROOKS, Appellant, vs. SCHWARTZ and another, Respondents.

*February 6—March 5, 1918.*

*Wills: Construction: Devise of homestead to wife: Fee simple or life estate?*

By his will a testator gave to his wife "the homestead now occupied by me, with all furniture and all belongings thereto, for her sole use and benefit," and in the same paragraph directed that there should be paid to her $1,000 yearly "for her support during her lifetime." After another bequest he gave "all the rest, residue, and remainder of my estates, both real and personal," to his son. At the time of making the will the testator had no real estate other than the homestead. *Held*, that under sec. 2278, Stats. (providing that every devise of land shall be construed to convey all the estate of the devisor which he could lawfully devise, unless it shall clearly appear by the will that he intended to convey a less estate), the wife took the homestead in fee and not merely a life estate therein.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing appellant's petition.

On May 27, 1908, Homer Brooks, father of the appellant, in due form made his last will, the essential parts of which are as follows:

"First. After the payment of my just debts and funeral expenses I give, devise and bequeath to my wife, Almina, the

homestead now occupied by me, with all furniture and all belongings thereto, for her sole use and benefit, and I further will and direct that there shall be paid from my estates to my wife, Almina, the sum of one thousand ($1,000) dollars yearly, for her support during her lifetime.

"Second. I give, devise and bequeath to my daughter, Emma C., wife of *Henry Schwartz,* the sum of $4,000.

"Third. All the rest, residue and remainder of my estates, both real and personal, after the payment of all legacies and expenses above mentioned, I give to my son, *William Brooks.*

"Fourth. I hereby nominate and appoint my son, *William Brooks,* and my son-in-law, *Henry Schwartz,* the executors of this my last will and testament, without bonds being required of them."

Below the attestation clause and after the will had been executed there was added in the testator's own handwriting and signed by him a clause which, as well as it can be made out, reads: "I further give Almina my wife Hold Hous and contets durings her lief time to hold a she wishes." In July, 1913, the will was admitted to probate, the court then holding expressly that this added clause was no part of the will, and no appeal was taken from such order. The petitioner, residuary legatee under the will, as well as one of the executors, joined in an application with his co-executor for the allowance of their final account for final distribution of the estate and that said will be construed in such final order or judgment. Upon the hearing of such application on April 14, 1914, the petitioner, *William Brooks,* not being present, the court construed the first paragraph of the will to give to the widow the homestead in fee. The widow died July 19, 1916, and in September, 1916, the petitioner applied to the probate court to have such final proceedings reopened and a determination made that the widow received under the will but a life estate in the homestead. The petitioner also stated grounds relied upon by him as excusing his delay in applying for such relief.

The petition was dismissed by the county court and by the

circuit court on appeal, and from such judgment of the circuit court this appeal was taken.

The cause was submitted for the appellant on the briefs of *Ernst Merton* of East Troy, and for the respondents on that of *George W. Waller,* attorney, and *Simmons & Walker,* of counsel, all of Racine.

ESCHWEILER, J.  If the courts below were correct in the construction of the last will of Homer Brooks, the other features of the petition need not be considered.

The learned and able counsel for the petitioner insists that the first paragraph of the will in question should be construed as giving but a life estate to the widow and the fee to the petitioner as residuary devisee.  He contends that the facts and circumstances surrounding the testator at the time of the making of the will disclose that the petitioner had lived with his father and mother and assisted in taking care of the farm that they owned and occupied near East Troy, and all without any express provision for compensation other than the understanding that he was to be ultimately compensated for such services; that the farm had been disposed of several years prior to the making of the will; that the father and mother had then purchased and moved to the homestead in question in the village of East Troy; and that the testator had no other real estate at the time of the execution of the will than this homestead; and from these facts and the language of the will itself he argues that the reference to "real" estate in the third paragraph of the will must necessarily be construed as referring to the fee of the homestead, or that otherwise it is meaningless.  It is also urged that the words "during her lifetime," at the end of the first paragraph, should be properly construed as referring to the gift of the homestead to the wife as well as to the yearly allowance of $1,000.

Controlled by the rule that by sec. 2278, Stats., it is the

duty of the court to construe every devise of land as convey-
ing the devisor's entire estate therein unless it shall clearly
appear by the will that a lesser estate was intended (*Will
of Weymouth,* 165 Wis. 455, 161 N. W. 373), and giving
full weight to the various suggestions made, we are con-
strained to hold that from within the four corners of the will
it plainly appears that there was intended a gift of the fee in
the homestead to the widow and not a lesser estate, and that
to hold otherwise would be doing violence to the recognized
canons of construction for such documents. It follows there-
from that the judgment must be affirmed.

*By the Court.*—The judgment of the circuit court is af-
firmed.