WILL OF BAIRD: SCRUTON, Appellant, vs. WIGER, Administrator, and another, Respondents.

*March 9—April 6, 1920.*

*Wills: Construction: Devise to wife during widowhood: Estate conveyed.*

A clause in a will devising lands to testator's wife "so long as she remains my widow" is construed to convey a fee subject to be divested upon the remarriage of the widow; sec. 2278, Stats. (declaring that every devise of land shall be construed to convey all the estate of the devisor therein unless it shall clearly appear by the will that a less estate was intended), giving to the devise the same effect as if words of inheritance had been used.

APPEAL from a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Construction of will. Robert Baird died testate on the

11th day of October, 1890.   His will was probated.   By its terms it provided in clause 2:

"I give and devise to my wife, Elizabeth, so long as she shall remain my widow, the west half of the northwest quarter of section two (2), town twenty-six (26), range eighteen (18), Pierce county, Wisconsin.

"3d. All the rest and residue of my real estate I give and devise to my daughters Annie, *Agnes,* and Margaret, and my grandson, R. J. Dale, share and share alike.

"4th. I give and forgive my son *William* what he owes me and nothing more."

The other clauses of the will are not material.

Baird left surviving him his widow, Elizabeth Baird, his daughters *Agnes,* the plaintiff, Margaret, and Annie, his son *William,* and R. J. Dale, his grandson, being a son of a deceased daughter.   He left two eighty-acre tracts of land in Pierce county at the time of his death, valued at about $4,000, and personal property of the value of $1,100. Prior to the making of his will he had given his son, *William Baird,* about $1,100, and had sold *William* a team for $250, for which *William* had given him a note, which remained unpaid.   His will was executed on the 25th day of June, 1889.   The widow, Elizabeth, never remarried, and died January 31, 1919.

On the theory that the interest of the widow was a life estate, R. J. Dale deeded to Margaret Maier, and she in turn deeded her interest in the property to William H. Scruton. It appears that Robert Baird, the testator, was a man of Scotch ancestry, devoted to his family, read newspapers, took an interest in educational matters, and kept posted on general affairs, but did not read books.

The trial court held that by clause 2 the wife, Elizabeth, took title in fee simple to the said west half of the northwest quarter of section 2, subject only to be divested by her remarriage.   Judgment went accordingly, from which *Agnes Scruton* appeals.

For the appellant there was a brief by *John E. Foley* of

Ellsworth and *Varnum & Kirk* of Hudson, and oral argument by *N. O. Varnum.*

*F. M. White* of River Falls, for the respondents.

ROSENBERRY, J. The respondents rely mainly on *Will of Weymouth,* 165 Wis. 455, 161 N. W. 373; *Will of Brooks,* 167 Wis. 75, 166 N. W. 775; *Rissman v. Wierth,* 220 Ill. 181, 77 N. E. 108; *Verrinder v. Winter,* 98 Wis. 287, 73 N. W. 1007; *Polebitzke v. John Week L. Co.* 157 Wis. 377, 147 N. W. 703; *Dicke v. Wagner,* 95 Wis. 260, 70 N. W. 159; *Horner v. C., M. & St. P. R. Co.* 38 Wis. 165; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671; *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 120 N. W. 277, to sustain the judgment of the trial court, the theory of the respondents being that the words "I give and devise to my wife, Elizabeth," constitute an absolute devise in fee simple of the real estate in question to Elizabeth Baird, and the words "so long as she shall remain my widow" create a condition subsequent, upon the happening of which the fee-simple title is divested, and cite the following cases from other jurisdictions in support of this construction: *Little v. Giles,* 25 Neb. 313, 327, 41 N. W. 186; *Roberts v. Lewis,* 153 U. S. 367, 14 Sup. Ct. 945; *Weir v. Michigan S. Co.* 44 Mich. 506, 7 N. W. 78; *Davis v. Ripley,* 194 Ill. 399, 62 N. E. 852; *Crain v. Wright,* 114 N. Y. 307, 21 N. E. 401; *Becker v. Becker,* 206 Ill. 53, 69 N. E. 49; *Cummings v. Lohr,* 246 Ill. 577, 92 N. E. 970; *Rissman v. Wierth,* 220 Ill. 181, 77 N. E. 108; *Bennett v. Packer,* 70 Conn. 357, 39 Atl. 739; *Becker v. Roth,* 132 Ky. 429, 115 S. W. 761; *Wilson v. Linder,* 18 Idaho, 438, 110 Pac. 274, 138 Am. St. Rep. 213.

The contention of appellant is that the clause in question at most conveys a life estate, subject to be sooner terminated by the remarriage of the widow; that the words "so long as" in the phrase "so long as she shall remain my widow" are words of duration.

The clause under consideration contains no words of inheritance, and prior to the adoption of sec. 2278, Stats., would have created in the devisee a life estate.    Sec. 2278 reads:

"Every devise of land in any will shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate."

In construing this section it was said in *Dew v. Kuehn,* 64 Wis. 293, 25 N. W. 212:

"Under the common-law rule the presumption was that only a life estate was intended to be conveyed, unless words of inheritance were used, or other words showing an intent to devise a greater estate.    This act was not intended in any other respect to restrict the power of the court, in the construction of wills, by limiting the courts in all cases of devises of real estate to the words of the will alone in determining the extent of the estate devised, unaffected by the surrounding circumstances which may properly have force and be considered in construing the language used by the testator and thus determining the real intent of the testator by the use of such language."

The appellant cites *Fuller v. Wilbur,* 170 Mass. 506, 49 N. E. 916; *Ferrari v. Murray,* 152 Mass. 496, 25 N. E. 970; *Redding v. Rice,* 171 Pa. St. 301, 33 Atl. 330; *Staack v. Detterding,* 182 Iowa, 582, 161 N. W. 44; *Cowman v. Glos,* 255 Ill. 377, 99 N. E. 586; *Brunk v. Brunk,* 157 Iowa, 51, 137 N. W. 1065.    See, also, note 28 L. R. A. N. s. 1093, and L. R. A. 1918C, at p. 861.    The cases of *Giles v. Little,* 104 U. S. 291; *Little v. Giles,* 25 Neb. 313, 41 N. W. 186; and *Roberts v. Lewis,* 153 U. S. 367, 14 Sup. Ct. 945, all relating to the will of one Jacob Dawson, are also cited.

We shall not attempt an analysis of the various cases cited, nor make any attempt to reconcile them, for they are to some extent irreconcilable.    We come back, therefore, to the fundamental proposition that this, as all other wills, must be so construed as to carry out the intention of the testa-

tor.   Very little, if any, light is thrown upon the matter by the surrounding facts and circumstances.   The property had been acquired by the joint efforts of husband and wife. She had the largest claim upon him.   He no doubt recognized it, and framed his will accordingly.   It can be logically argued that the words "so long as she remains my widow" are words of duration; that she could not remain a widow longer than during the term of her natural life; and therefore that she at most took a life estate.   Treating the words "I give and devise to my wife" as equivalent to the words "I give and devise to my wife, Elizabeth, and her heirs," that is, as conveying, when used, without limitation an estate in fee simple, there is no language in the will that indicates any intent on the part of the testator to limit the gift except under one contingency, and that is the remarriage of his wife.   Except for that, the estate is absolutely hers.   While it is a difficult matter to be certain that the actual intent of the testator is arrived at, we are of the opinion that the trial court was correct in holding that the words were used to create a condition, and that the widow took an estate in fee simple subject to be divested only by her remarriage.

By the Court.—Judgment affirmed.