[No. 733.   Decided November 18, 1892.]

JULIA BOWER, *Executrix of the Estate of George W. Bower,
Deceased, Respondent,* v. CORA BOWER AND GEORGIE
ANN BOWER, *by their Guardian ad litem, W. L. Jones,
Appellants.*

WILLS—NO PROVISION FOR CHILDREN—PAROL PROOF.

Under §1465, Gen. Stat., providing that if a testator leave any
child or children at his death not named or provided for in his will,
he shall be deemed to have died intestate, parol proof is inadmissi-
ble, where a testator devised all his property to his wife and her
heirs, to show that at the time the will was made he had in mind
his children, and that in devising his property to his wife he thereby
intended to, and did, provide for them.

*Appeal from Superior Court, Yakima County.*

*W. L. Jones,* for appellants.

*Reavis & Milroy,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Plaintiff brought this action to have the will of her deceased husband construed by the court, and sought to have herself adjudged the sole devisee under said will. By the terms thereof all of the property of the testator was devised to his wife, and to her heirs, forever, and she was named as sole executrix.    There was no mention of the children of the testator, two of whom are now living, and were made defendants in the action, and the only provision made for such children, if any, was in the bequest of all of the property absolutely to the wife, and to her heirs.    The court below allowed extrinsic proof to be made to show that at the time the will was made the testator had in mind his said children, and that in devising to his wife he intended to, and did, provide for them.    On the part of the defendants it was contended that such oral proof could not be introduced to aid the will.    The parties are practically agreed that the only question presented to this court by the record is as to whether or not under our statute such oral proof was admissible.    If it was, then the decree of the court below should be affirmed; if it was not, then it must be reversed.

The provisions of our law bearing upon this question are contained in § 1465, Gen. Stat., which is in words and figures as follows:

"SEC. 1465. If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as he shall regard such child or children, or their descendants, not provided for, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be as-

signed to them, and all the other heirs, devisees and legatees shall refund their proportional part.''

All of the authorities are agreed upon the proposition that the object of this and similar statutes is not to compel the testator to make any substantial provision for his children, but is simply to provide against any such children being disinherited through inadvertence of the testator at the time he makes his will. Such being the object of our statute, it is contended on the part of the respondent that the will can be sustained if it is made clearly to appear to the court, either by the terms of the will itself or by satisfactory proof outside of it, that the testator had in mind his children, and made his will with their interests in contemplation. Many statutes having the same common object as our own have been construed as thus contended for, and parol proof has been introduced in aid of wills made thereunder. See *Wilson v. Fosket*, 6 Metc. 400; *Ramsdill v. Wentworth*, 101 Mass. 125; *Buckley v. Gerard*, 123 Mass. 8; *Whittemore v. Russell*, 80 Me. 297 (14 Atl. Rep. 197); *Lorieux v. Keller*, 5 Iowa, 196; *Coulam v. Doull*, 133 U. S. 216 (10 Sup. Ct. Rep. 253). An examination of all these cases, however, will show that the statutes passed upon were unlike ours in terms, although the object to be accomplished was the same. The positive provisions of our statute are that the children must be named or provided for in the will. What is meant by the term, "provided for," as so used? In our opinion it refers to some beneficial legal provision, and we are unable to agree with the contention of the respondent that such children can be said to have been provided for by an absolute devise to another, even although the testator thought that the interests of the children would be better subserved by such devise than by one directly to them.

The words "provided for" as used in said section must be held to have a more definite meaning than that con-

tended for by respondent, and we think that no will can be sustained upon the ground that provision has been made for the children, when the only attempt to provide for them has been by an absolute devise to a person other than said children. Nor can this will be sustained as against the appellants upon the ground that they are named in the will, in fact, the respondent makes no contention upon this proposition. In the case at bar, then, the children are neither named nor provided for in the will, and under the express terms of our statutes we think it must be held ineffectual as to them. This seems so clear from the terms of the statute that to hold otherwise would be to legislate judicially. There seems to us very little occasion for the investigation of authorities to determine the construction of a statute which is so clear as to construe itself. If, however, we investigate the question in the light of authorities, we shall come to the same conclusion as to the construction of a statute worded like ours. For while it is true, as we have hereinbefore seen, that many statutes having a similar object have been so construed as to authorize extrinsic proof in aid of wills made thereunder, yet none of the statutes thus construed were like ours. In all of them there was some clause qualifying the absolute language contained in our statute which in some measure authorized judicial discretion in the construction thereof. Where the statutes have been left by the legislature without such qualifying clauses, the same as ours has been, the holding of the courts has been absolutely uniform that extrinsic proof could not be introduced in aid of a will made thereunder. See *Bradley v. Bradley*, 24 Mo. 311; *Pounds v. Dale*, 48 Mo. 270; *Chace v. Chace*, 6 R. I. 407; *Garraud's Estate*, 35 Cal. 336; *Estate of Stevens*, 83 Cal. 322 (23 Pac. Rep. 379); *Gage v. Gage*, 29 N. H. 533; *Graham v. Graham*, 23 W. Va. 36; *Kean's Lessee v. Hoffecker*, 2 Harr. (Del.) 103; *Hockensmith v. Slusher*, 26 Mo. 237; *Gerrish v. Ger-*

*rish*, 8 Or. 351; 2 Woerner, Am. Law of Administration, pp. 870, 871; *Miller v. Travers*, 8 Bing. 244; 1 Redfield on Wills, 539, 540; *Boman v. Boman*, 49 Fed. Rep. 329.

That the language of our statute when standing alone must be so construed, is made more certain by an examination of the course of decision in the State of Massachusetts. The rulings of the courts of that state have been largely relied upon, and cited by all of the courts which have construed the statutes then before them to authorize such extrinsic proof, and upon the authority of the decisions of that state some of the courts have been disposed to allow such proof under statutes which hardly seem to have warranted such a construction. But that cases of this kind cannot aid respondent's contention is shown by the fact that even the courts of Massachusetts, when they had a statute substantially like ours before them for construction, held that such extrinsic proof could not be allowed, and it was only after the legislature of that state had changed the law by adding certain qualifying clauses to the absolute language before used that the present rule of decision was established.

It follows from what we have said that the action of the court below in allowing proofs outside of the will to aid it as against the appellants was unwarranted. The judgment and decree must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.