### THOMAS *Appellant* v. BLACK *et al.*

Division Two, December 19, 1892.

1. **Will:** OMISSION OF NAMES OF CHILDREN: PRESUMPTION. Where children are not named in a will, the presumption arises that they were unintentionally omitted by the testator. (Revised Statutes, 1889, sec. 8877.)

2. ——: ——: ——. Such presumption cannot be rebutted by extrinsic evidence.

3. **Life Estate:** ADVERSE POSSESSION: LIMITATION. The possession of a widow owning a life estate is not adverse to the remaindermen, and the statute of limitations will not commence running as to them before her death.

4. **Partition:** OMITTED HEIRS. Children not mentioned in an ancestor's will and as to whom the ancestor therefore died intestate, may come in as defendants and claim their interests in a partition proceeding instituted by the devisees under the will.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*B. R. Vineyard* and *Woodson & Porter* for appellant.

(1) The will of William C. Thomas gave his widow a life estate in the real estate in controversy, and her children, by the testator begotten, the remainder in fee. And these provisions of the will did not constitute a fee tail. *Phillips v. LaForge*, 89 Mo. 72; 1 Washburn on Real Property [4 Ed.] p. 94, sec. 10; p. 96, sec. 15; p. 99, sec. 22; p. 100, sec. 23; p. 101, sec. 27; p. 102, sec. 31; p. 104, sec. 39; 2 Blackstone's Commentaries, 114. (2) The widow, Mary C. Thomas, under the will of her husband, took a life estate, and his children by her begotten took the remainder in fee simple. 1 Revised Statutes, 1879, secs. 3941 and 4003; *Jones v. Waters*, 17 Mo. 587. (3) A deed or will to the children of the living or dead, or to the children of the dead is good. *Boone v. Moore*, 14 Mo. 420; *Shaw v. Loud*, 12 Mass. 447; *Hamilton v. Pitcher*, 53 Mo. 334; Bishop on Contracts, sec. 416. (4) The rule in Shelly's case has no force in this state. 1 Revised Statutes, 1879, sec. 3941; *Tessen v. Newman*, 62 Mo. 198; *Muldrow v. White*, 67 Mo. 470. (5) Land passing by will from husband to the wife is in lieu of dower, and, unless she renounces the provisions of the will in twelve months, she takes under the will, and is precluded from claiming dower, and the same is true of the widow's quarantine, as it is an incident to dower. There can be no quarantine without dower. This is elementary law. 1 Revised Statutes, 1855, secs. 15, 16, p. 671; General Statutes, 1865, secs. 15, 16, p. 521; 1 Revised Statutes, 1879, secs. 2199 2200; 1 Revised Statutes, 1889, secs. 4527 4528; *Dougherty v. Barnes*, 64 Mo. 159; *Grant v. Henly*, 64 Mo. 162. (6) Revised Statutes 1879, secs. 2194, 2199, 2200 are constitutional. *Young v. Boardman*,

97 Mo. 181. (7) Children not named in a will must first resort to some appropriate proceeding to have their rights ascertained before they can treat the will as void. Revised Statutes, 1889, sec. 8915; *Hill v. Martin*, 28 Mo. 78; *Chouquette v. Barada*, 28 Mo. 491; *Weatherell v. Harris*, 51 Mo. 65. (8) The respondents are precluded from recovery by the statute of limitations. *Hickman v. Link*, 97 Mo. 483; *Peck v. Lockridge*, 97 Mo. 549.

*J. W. Boyd* for respondent Chapman.

THOMAS, J. — This was a proceeding for the partition of a farm lying in Buchanan county, containing one hundred and forty-four and sixty-five hundredths acres, and the record before us shows that William C. Thomas, the owner of this farm, had been twice married and had children by two wives. On the twenty-third day of January, 1864, he executed a will by which he devised the farm in controversy, on which he then lived, to his wife, Mary C. Thomas, during her life, with remainder *to her children begotten by him*, there being in the will no other reference to, or mention of his children, by name or otherwise. On the eighteenth day of February, 1864, the testator having died, this will was duly probated and Mary C. Thomas, the widow, occupied the farm, claiming it under the will, till her death in 1888. The trial court held that William C. Thomas died intestate as to the children of his first wife, and the descendants of those who had died, and this, in connection with the statute of limitations, and the nature of the title of a pretermitted heir, presents the only question for decision.

I. Secton 10 of the statute of wills of 1855, in force in 1864, which is the same as section 8877, Revised Statutes, 1889, provides that every testator

shall be deemed to die intestate as to "a child or children, or descendants of such child or children, · in case of their death not named or provided for in such will, * * * and such child or children or their descendants, shall be entitled to such proportion of the estate * * * if he had died intestate * * * and all the other heirs, devisees and legatees shall refund their proportional part."

The children of the testator by his wife Mary C., though not expressly mentioned, were named and provided for within the meaning of this section, for the naming of children as a class, without further description, includes all who answer that description at the time the will took effect.  *Allen v. Claybrook*, 58 Mo. 124.

But it is equally clear that his children by the first wife were not named or provided for in this will, within the meaning of the section cited.   Where children are not named, the presumption is that they were unintentionally omitted, and, while this presumption may be rebutted, when the tenor of the will, or any part of it, indicates that they were not forgotten, yet it cannot be made to appear by parol evidence, but it must appear *on the face of the will*, that the testator remembered them, and, where they are neither expressly named nor alluded to as to show affirmatively that they were in the testator's mind, such presumption becomes conclusive.   *Bradley v. Bradley*, 24 Mo. 311; *Pounds v. Dale*, 48 Mo. 270; *Wetherall v. Harris*, 51 Mo. 65.

The children of the first wife are not expressly named or referred to as a class, nor does it affirmatively appear on the face of the will that they were remembered by the testator at the time he executed it, and there was, therefore, as to them an intestacy, and the ruling of the trial court on that proposition was correct.

II. The possession of this land by the widow for a period of more than ten years does not bar the right of the heirs by the first wife to demand and obtain their interests therein. Her interest in the premises was for life only, whether she be regarded as a tenant of the homestead under the act of 1863 (Session Acts, 1863, pp. 22–3), or by her right of quarantine, till the assignment of dower therein, or under the will, and therefore her possession is not adverse as to the heirs, and the statute of limitations will not begin to run as to them prior to her death. *Sutton v. Casseleggi*, 77 Mo. 397; *Jones v. Manly*, 58 Mo. 559; *Brown v. Moore*, 74 Mo. 633; *State v. Moore*, 61 Mo. 280.

III. The ancestor of the children by the first wife having died intestate as to them they had the right to set up their interests, which were legal interests, in the land by inheritance from him in an action of partition such as this is. *McCracken v. McCracken*, 67 Mo. 590. The judgment will be affirmed. All concur.