[No. 1884. Decided November 30, 1895.]

P. A. PURDY, *Appellant*, v. F. E. DAVIS, FREDERICK D.
PURDY, *Intervenor, Respondents*.

WILL — VALIDITY — PROVISIONS FOR CHILDREN.

Under Code Proc., § 1465, requiring that any will, in order to be
effectual, must name or provide for the children of deceased, a be-
quest of all of decedent's property to her husband must be held
void, there being a child alive, when the only reference to him was
in a proviso to the bequest to the husband providing that if he
"should marry again after my demise all my property, both real
and personal, is to belong to any one or more children that may be
born to me before my demise."

Appeal from Superior Court, Whatcom County.—
Hon. JOHN R. WINN, Judge.   Affirmed.

*Fairchild & Rawson*, for appellant.

*Kerr & McCord*, for respondents.

The opinion of the court was delivered by

GORDON, J.—The question presented for our deter-
mination in this case is the consideration of a will by
the terms of which the testatrix devised and be-
queathed all of her property to her husband (appellant)

with the following proviso: "If the said Percival A. Purdy (appellant) should marry again after my demise all my property, both real and personal, is to belong to any one or more children that *may be* born to me before my demise."

At the time of its execution the respondent Frederick D. Purdy was ten days of age. Four days after executing said will the testatrix died. The appellant contends, (1) that while no mention is made of the said Frederick D. Purdy in the will, provision was intended to be made for him, and hence the will does not fall within § 1465, Code Proc.; (2) that the limitation over is void and the appellant became seized of the entire estate of the testatrix.

We think the case falls squarely within the decision in *Bower v. Bower*, 5 Wash. 225 (31 Pac. 598), and *Barnes v. Barker*, 5 Wash. 390 (31 Pac. 976). In the first of these cases this court, construing § 1465, *supra*, said:

"The positive provisions of our statute are that the children must be named or provided for in the will. What is meant by the term 'provided for' as so used? In our opinion it refers to some beneficial legal provision, and we are unable to agree with the contention of the respondent that such children can be said to have been provided for by an absolute devise to another, even although the testator thought that the interests of the children would be better subserved by such devise than by one directly to them. The words 'provided for' as used in said section must be held to have a more definite meaning than that contended for by respondent, and we think that no will can be sustained upon the ground that provision has been made for the children, when the only attempt to provide for them has been by an absolute devise to a person other than said children."

In the last of the cases above cited, the court said:

"Under our statute there must be some substantial provision for the children of which they can legally avail themselves, or else there must be an actual naming of such children in the will, or the same will be ineffectual as against such children."

In view of our conclusion as to this question, it is not necessary to determine the effect of that condition of the will intended to operate as a restraint upon appellant's remarrying, and because of its importance we ought not to do so in the present case. We may add, however, that were the question resolved in favor of appellant's contention, it would constitute an additional reason for holding that the will under consideration makes no provision for the respondent Frederick D. Purdy.

The judgment of the lower court will be affirmed.

HOYT, C. J., and SCOTT, DUNBAR and ANDERS, JJ., concur.