VERRINDER, Appellant, vs. WINTER, Respondent, and WINTER and others, Appellants.

98 287
e103 510
f103 512

*December 14, 1897 — January 11, 1898.*

**Wills: Construction: Contingent remainders: Provision for unborn child.**

1. A will made *in extremis* bequeathed to the testator's wife "two thirds of my estate while she remains my widow (if not) one half to go to her heir, and the other third to my brother D." The testator had no living children, but knew that his wife was pregnant. *Held*, that the testator intended to give his wife two thirds of his entire estate if she remained his widow, but if she remarried one of said thirds was to go to her unborn child.

2. A devise or bequest of such a contingent remainder to the unborn child either constituted a provision, or showed that the testator intended to make no provision, for him, within the meaning of sec. 2286, R. S. 1878, providing, in substance, that such a child shall abide by the will in case provision is made for him or the will shows an intention to make no provision, but that in default of either the child shall inherit as though the ancestor died intestate.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action for the partition of certain real estate in Dane county. All parties claim title under one Washington G. Winter, who owned the lands at the time of his death, July 20, 1852. Winter died without living issue; leaving, him surviving, his wife, *Margaret Winter*, who was then, to his knowledge, pregnant. A few hours before his

death, and while *in extremis*, he made a will, which was hurriedly drawn by a farmer neighbor, which reads as follows (errors in spelling being corrected): "I Washington G. Winter of the town of Dane, this is my last will and testament, I hereby bequeath to my wife *Margaret Winter* two thirds of my estate while she remains my widow (if not) one half to go to her heir, and the other third to my brother David Winter. My widow to choose the administrator." The will was duly admitted to probate December 6, 1852. On the 8th of December, 1852, *Margaret Winter* was delivered of a son, Washington G. Winter, Jr., who grew to manhood, and married the defendant *Josephine*, and died intestate in December, 1892, without issue, leaving *Josephine* as his sole heir. The plaintiff, *Margaret*, married one Thomas Verrinder in the year 1860. David Winter, the brother named in the will, died intestate in August, 1885, and the defendants and appellants *James W. Winter* and others are his heirs.

Upon these facts the circuit court concluded that, "if the words her heir, used in said will, were intended by the testator to refer to the unborn child, they gave such child a contingent remainder, dependent upon the possible subsequent marriage of his mother, the plaintiff, and ·were not such a provision for such child as is contemplated by sec. 2286, R. S." "That, if such words referred to such child, they do not constitute such an intentional omission to provide for such child as is mentioned by sec. 2287, R. S." Thereupon judgment dismissing the complaint was rendered, and the plaintiff, *Margaret*, and the defendants *James W. Winter* and others appealed.

For the plaintiff there were briefs by *Morris & Riley*, attorneys, and *Charles M. Morris*, of counsel, and oral argument by *Charles M. Morris*. They contended, *inter alia*, that the will made a provision for the child, within the meaning of the statute (sec. 2286, R. S. 1878). *Dodge v. Stevens,*

105 N. Y. 585; *Osborn v. Jefferson Nat. Bank*, 116 Ill. 130; *Hawhe v. C. & W. I. R. Co.* 165 id. 561; *Minot, Petitioner*, 164 Mass. 38; *Leonard v. Enochs*, 92 Ky. 186. The word heir was specifically intended to designate the unborn child. If the reversionary interest was not a provision adequate to satisfy the statute, it is still sufficient to show that the child was in the testator's mind. All that is necessary to show is that the matter was in the mind of the testator and by him deliberately acted upon. *Prentiss v. Prentiss*, 11 Allen, 47; *Wild v. Brewer*, 2 Mass. 570; *Church v. Crocker*, 3 id. 17; *Peters v. Sider*, 126 id. 135; *Wilder v. Goss*, 14 id. 357, 359; *Beck v. Metz*, 25 Mo. 70; *Hockensmith v. Slusher*, 26 id. 237. Specific mention in the will completely destroys the application of every case the respondent can cite.

*A. G. Zimmerman*, for the defendant appellants, except infants.

*Sam. T. Swansen*, guardian *ad litem*, for the infant appellants.

For the respondent there was a brief by *Spooner, Sanborn & Spooner*, and oral argument by *A. L. Sanborn* and *W. M. Spooner*. They contended, *inter alia*, that a contingent remainder is not such a provision for a child born after the making of the will as to bring the case within the statute. *Willard's Estate*, 68 Pa. St. 327; *Hollingsworth's Appeal*, 51 id. 518; *Ramsdill v. Wentworth*, 101 Mass. 125; *Bancroft v. Ives*, 3 Gray, 367; *Bowen v. Hoxie*, 137 Mass. 527; *Potter v. Brown*, 11 R. I. 232; *Rhodes v. Weldy*, 46 Ohio St. 234; *Holloman v. Copeland*, 10 Ga. 80; *Lamplugh v. Lamplugh*, 1 P. Wms. 111; *Waterman v. Hawkins*, 63 Me. 156.

WINSLOW, J. The will, though hastily and inartificially drawn, is easily understood, and we think its construction is in no way uncertain. The testator was upon his death-bed, stricken with an acute disease. He was entirely conscious, and knew that his death was at hand. He had no

living children, and knew that his wife was pregnant by him. The will was evidently intended to give his wife two thirds of his entire estate if she remained his widow; but, if she remarried, she was to retain but one of these thirds, and the other was to go to her unborn child. The remaining third was to go to his brother, David Winter. We think there is no reasonable doubt but that the words " her heir," in the will, referred to the unborn child, as certainly as though the words " her unborn child " had been used, instead of " her heir." In fact, it was admitted by the respondent upon the argument of the case that the testator evidently referred to the unborn child when he used the words in the will. This fact being determined, the questions in the case are simply as to the effect of the provisions of sec. 2286, R. S. 1878.

This section provides, in substance, that where a testator dies, leaving an unborn child, afterwards born alive, such child shall abide by the will, in case (1) the will makes provision for it, or (2) in case the will shows that the testator intended to make no provision for it, but that in default of either of these contingencies the child shall inherit as though the ancestor had died intestate. If, therefore, in the present case, the will makes provision for the unborn child, within the meaning of the statute, or shows the intention of the testator not to make such provision, then in either event the will must control.

We agree with the conclusion of the circuit judge that the remainder limited to the unborn child is a contingent remainder, dependent upon the possible subsequent marriage of the plaintiff. Whether a contingent remainder of this kind constitutes a " provision " for the child, within the meaning of the section quoted, is a question which we do not find it necessary to decide. The decisions in other jurisdictions upon somewhat similar statutes have been at variance upon the point. That it is not a " provision " is substan-

tially held in *Rhodes v. Weldy*, 46 Ohio St. 234, where the cases supporting that view are cited. That it is a "provision" is held in *Osborn v. Jefferson Nat. Bank*, 116 Ill. 130. But, as before stated, we do not find it necessary to decide the point in this case, because, as we view the case, the result in either event is the same.

It is clear that the testator referred to the child in his will, and gave it a contingent remainder in one third of his estate. It also seems clear that he intended to give the child just what the terms of the will give it. Now, if such a contingent remainder be a "provision" for the child, within the meaning of the statute, then the first contingency above named has happened, and the will must prevail; and if, on the other hand, such a remainder is not a "provision," then (the testator having intended to do just what the will declares) the will shows the intention of the testator not to make a "provision" for the child, within the meaning of the statute, and the will must likewise prevail. The word "provision" must have the same construction when it is used in two parts of the same section, and, giving it that construction, we see no logical escape from the conclusion above stated.

The widow, therefore, is entitled to one third of the real estate, the heir of Washington G. Winter, Jr., to one third, and the heirs of David Winter to one third.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment of partition in accordance with this opinion.