[No. 11373.   Department One.   December 19, 1913.]

JOSEPH GEHLEN et al., Appellants, v. MARY P. GEHLEN, Respondent.[1]

WILLS—REQUISITES—PRETERMITTED CHILDREN — NAMING CHILDREN AS A CLASS—STATUTES—CONSTRUCTION.   A will devising all the testator's estate to his wife and declaring that he makes no provision for "my children" or "any child which may be hereafter born" for the reason that their mother will deal justly with them, sufficiently "names" the children to prevent intestacy as to them, under Rem. & Bal. Code, § 1326, providing that a testator shall be deemed to have died intestate as to any child or children not named or provided for in his will; since the purpose of the statute is merely to prevent pretermission, and it is sufficiently complied with by naming them as a class, when coupled with words showing that the class included not only children in esse, but children thereafter to be born.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered May 29, 1913, dismissing an action for partition, upon denying plaintiff's motion for judgment on the pleadings.   Affirmed.

John H. McDaniels, for appellants.

J. N. Streff, for respondent.

ELLIS, J.—This is an action for partition of real estate, in which the plaintiffs claim title to an undivided one-half, as children and heirs at law of Nicholas W. Gehlen, deceased; and the defendant, who is the widow of the decedent, and mother of the plaintiffs, claims the full ownership as sole devisee under the will of the decedent.   Nicholas W. Gehlen died February 5, 1909, leaving a will, dated August 28, 1903, the material part of which is as follows:

"1.   Subject to the payment of all my just debts and funeral expenses, I will, devise and bequeath to my beloved wife, Mary P. Gehlen, all the estate of which I may die seized and possessed, both real and personal, absolutely, to do and dispose of as she may deem fit; and I make no provision for

[1]Reported in 137 Pac. 312.

my children after my death, or any child which may here-
after be born, knowing that my said wife, who is their mother,
will deal justly with them.

"2.  I hereby appoint my said wife executrix. of this my
last will and testament, and exonerate her from giving bonds,
and authorize her, without an order of court, to sell and dis-
pose of such property as she may deem fit, and to execute
conveyance thereof."

The youngest child, Walter Gehlen, was born in the year
1905, subsequent to the date of the will.  The realty in ques-
tion was the community property of the decedent and the
defendant.  The plaintiffs, each asserting title to an undi-
vided one-twelfth of the property, prayed for partition.  The
defendant, denying any title in the plaintiffs, set out the will,
and prayed that her title thereunder be quieted.  The plain-
tiffs moved for judgment on the pleadings.  That motion
being denied, they declined to plead further.  Judgment was
entered, dismissing the complaint and quieting title in the
defendant.  The plaintiffs appeal.

The sole question presented by this appeal is this:  Can
the children of a testator be disinherited by naming them as a
class, or must they be named specifically by each of their in-
dividual names, or by terms of individual identification?
Our statute, Rem. & Bal. Code, § 1326 (P. C. 409 § 41),
reads as follows:

"If any person make his last will and die, leaving a child
or children, or descendants of such child or children, in case
of their death, not named or provided for in such will, al-
though born after the making of such will, or the death of the
testator, every such testator, so far as he shall regard such
child or children, or their descendants, not provided for, shall
be deemed to die intestate, and such child or children, or their
descendants, shall be entitled to such proportion of the es-
tate of the testator, real and personal, as if he had died in-
testate, and the same shall be assigned to them, and all the
other heirs, devisees, and legatees shall refund their pro-
portional part."

The appellants contend that, under this statute, there can be no sufficient naming of children by designation as a class unless that designation be accompanied by some substantial provision for each of the class, and of which each can legally avail himself, and that, failing such provision, the will, to be valid, must tell off the children by actual name, or by words of individual identification. It is claimed that each of the following decisions of this court sustains that contention: *Bower v. Bower*, 5 Wash. 225, 31 Pac. 598; *In re Barker's Estate*, 5 Wash. 390, 31 Pac. 976; *Hill v. Hill*, 7 Wash. 409, 35 Pac. 360; *Purdy v. Davis*, 13 Wash. 164, 42 Pac. 520.

An examination of the first three of these cases, however, discloses the fact that in none of them was there any mention of the children of the testator, either by name as individuals, or by designation as a class. In *Bower v. Bower*, it is said of the will: "By the terms thereof all of the property of the testator was devised to his wife, and to her heirs, forever, and she was named as sole executrix." In *In re Barker's Estate*, it is said: "By the terms of said will the testator gave and bequeathed all her property to her well beloved husband, to the exclusion of every one else who may or·might be entitled to the same, and to him and his heirs and assigns forever." In *Hill v. Hill*, it is said: "The deceased left a will in which all of his property was devised to the appellant, no mention being made therein of any of his children." Whatever was said, therefore, in either of the three cases first above mentioned, must be construed as applying to a will in which there was no mention whatever of the children. The language of these cases relied upon by the appellants is that found in *In re Barker's Estate*, as follows:

"This court has lately considered this question, and has come to the conclusion that under our statute (§ 1465, Gen. Stat.), there must be some substantial provision for the children of which they can legally avail themselves, or else there must be an actual naming of such children in the will, or the same will be ineffectual as against such children. See *Bower v. Bower, ante* p. 225."

This language is not adopted in *Hill v. Hill*, though the decision is cited with approval. The language, however, is quoted in the still later case of *Purdy v. Davis, supra*, with apparent approval. While the language quoted is broad enough to sustain the appellants' contention in the case before us, it was, as we have seen, unnecessarily broad as applied to the language of the wills under consideration in the first three cases mentioned. An examination of the decision in *Purdy v. Davis*, also, shows that the language quoted was unnecessarily broad as applied to the language of the will there under consideration. In that case, the testatrix devised and bequeathed all of her property to her husband, subject to the following proviso:

"If the said Percival A. Purdy (appellant) should marry again after my demise all my property, both real and personal, is to belong to any one or more children that *may be* born to me before my demise."

It is manifest that this proviso makes no mention of children by name, nor of children as a class, but the class mentioned was only future-born children, which would not include the child already born, who, as there held, was not disinherited by the language used. That holding was, in any view of the statute, clearly correct, since that child was not mentioned either by name or by inclusion in any class. Matter unnecessary to a decision should never be held to establish a rule as *stare decisis*.

As pointed out in *Bower v. Bower, supra*, the purpose of this and similar statutes is not to declare as a policy of law that a testator shall not disinherit any of his children, nor to compel him to make some provision, whether substantial or otherwise, for any of them. Its purpose was merely to provide against any child being disinherited through inadvertence of the testator when making his will. Any construction of the statute which would have the necessary effect of compelling such a provision for any possible child would seem to be unwarranted as broader than the purpose of the

statute, and should not be adopted unless the real purpose of the statute, namely, to prevent pretermission of any child, can only be accomplished by such a construction. The construction contended for and which would be sustained by the language above quoted from *In re Barker's Estate,* had that language been necessary to the decision in that case, would lead to the very result which we have pointed out. It would compel the testator to either make some substantial provision for any child born after the will was made, or pronounce him intestate as to such child. In the nature of the case, he could not name by name an after-born child. He could, of course, describe it as an after-born child, but that would only be a naming by class, just as the designation of living children as "my children" would be a naming by class. If, therefore, it be held that the designation of an after-born child merely in those terms is sufficient to disinherit that child where no provision is made for such a child, which is the only alternative to a compulsory provision for such child, then, with equal reason, the designation of living children by the terms "my children" must be held a sufficient naming for disinheritance when coupled with language showing that intention. Since the purpose of the statute was merely to prevent pretermission, and not to compel a testamentary provision for any child, we are forced to the conclusion that the mention of the children of the testator as a class, when coupled with words sufficient to show that the class then in the testator's mind, included not only all children *in esse* but childen thereafter to be born, is a sufficient naming of the children for the purpose of disinheritance within the meaning of the statute. To adopt the contrary view would force us back to what Blackstone characterizes as "that groundless vulgar error, of the necessity of leaving the heir a shilling, or some other express legacy, in order to disinherit him effectually." 1 Cooley's Blackstone (4th ed.), p. 829.

The statutes of Missouri and Oregon are, in all material particulars, identical with our own. *Hill v. Hill, supra,*

*Boman v. Boman*, 49 Fed. 329. The supreme court of Oregon, in applying this statute, has held that the provisions of a will which, by reference to another will and adopting its terms, devised and bequeathed "all that may remain of my real and personal property to each of my living children and the children of my deceased daughter alike, to be divided as a majority of them shall say, by sale or otherwise," was a sufficient naming of the children to meet the statute. *Gerrish v. Gerrish*, 8 Ore. 351, 34 Am. Rep. 585. In a Missouri case the will involved provided:

"Also, I give and bequeath to my beloved wife, Bridget, the sole and entire possession and disposal and management of all my real and personal estate, also the sole and entire management and education of my children; and that she shall have the management, distribution and disposal of everything as completely, according to law, as I myself now have, during her widowhood. But in case she should change her mind and marry, my will is that the estate in her possession at the time shall be disposed of according to law among my surviving heirs."

The children were not otherwise mentioned in the will. The widow never married. A daughter brought an action to recover a part of the estate, claiming intestacy as to her. The court said:

"It is plain that she must have been in his mind. There are two allusions by the testator to his children; one in giving to his widow their management and education, and one in giving a remainder to his heirs, contingent upon her marriage. They were all remembered, or were all forgotten; and while he remembered them collectively, can it be said that he had forgotten them all individually? The object of the statute was to guard the testator against the effect of a mistake in providing for some of his children to the exclusion of others, through forgetfulness of their existence, or in otherwise disposing of his property in such forgetfulness, and the failure to allude to them is made evidence that they were so forgotten. In speaking of his children or heirs, had the testator named some of them, with no allusion to the plaintiff, we might then assume that she was forgotten; but where all were remembered

collectively and equally provided for, with nothing to indicate that one was more in his memory than another, we must assume that each one was remembered and provided for." *McCourtney v. Mathes*, 47 Mo. 532.

The same court, construing a will devising property to the testator's wife, Mary C., for her life, with remainder to her children begotten by him, after quoting the will, said:

"The children of the testator by his wife Mary C., though not expressly mentioned, were named and provided for, within the meaning of this section, for the naming of children as a class, without further description, includes all who answer that description at the time the will took effect." *Thomas v. Black*, 113 Mo. 66, 20 S. W. 657.

And again, the same court, construing the same statute in another case, said:·

"This provision of the statute has been several times before this court for judicial construction, and it may now be considered as settled that the object of it is to produce an intestacy only when the child or the descendant of such child is unknown or forgotten, and thus unintentionally omitted; and the presumption that the omission is unintentional may be rebutted, when the tenor of the will or any part of it indicates that the child or grand-child was not forgotten." *Hockensmith v. Slusher*, 26 Mo. 237.

In *Beck v. Metz*, 25 Mo. 70, the testator devised and bequeathed all of his property to his wife "free from all claims and to the exclusion of all persons whatsoever." The fourth clause of the will provided:

"In every other respect I leave it entirely to the will and judgment of my said wife Catherine how and in what manner she thinks proper to dispose of the estate, as well with reference to our own child or children as with reference to the said Joseph Frederick Beck."

The court said:

"We think here the fourth clause mentions his child in sufficient manner to take this will without the 11th section of our statute of wills. (R. C. 1845.) The testator expressly mentions his child—'as well with reference to our child.' They

had but one, the daughter. The wife had one by a former husband; even he is named. Now this mentioning his child and the giving the power to his wife to provide for this child by disposing of the estate according to her own judgment, must be considered within the spirit of our statute, as a naming or providing for his child."

After all, in applying this statute, as in other connections, the intention of the testator, when made clearly apparent on the face of the will, must prevail. For example: In *Guitar v. Gordon,* 17 Mo. 408, the testator named his daughter, who was then dead, but did not name her children. The provision for the daughter was held to have been intended as a gift for her children as a class. In *Hockensmith v. Slusher, supra,* a bequest was made to a son-in-law without naming his relation. It was held that, though his wife, the testator's daughter, was not named or provided for, she could not have been forgotten. See, also, *Woods v. Drake,* 135 Mo. 393, 37 S. W. 109.

The supreme court of Arkansas, under a statute somewhat similar to ours, has adopted the view contended for by the appellants here. *Bloom v. Strauss,* 70 Ark. 483, 69 S. W. 548, 72 S. W. 563; *Brown v. Nelms,* 86 Ark. 368, 112 S. W. 373. We have been cited to no decisions of any other court so holding; and in view of the foregoing considerations, we cannot adopt that view.

It seems to us more consonant with the obvious purpose of the statute to hold that the naming of the children as a class, whether for the purpose of providing for them or for the purpose of disinheritance, when coupled with language conveying either intention, is such naming as to show that no child has been unintentionally overlooked, to avoid which contingency was the sole purpose of the statute. So far as any of our former decisions may be construed as holding the contrary, they are hereby overruled.

A will, in the absence of an expressed contrary intention, reads as of the date of the death of the testator; hence, what

is said in this opinion has no application to posthumous children.

The judgment is affirmed.

CROW, C. J., MAIN, GOSE, and CHADWICK, JJ., concur.