[1] Reported in 205 P.2d 360.
In 1905 or 1906, Carl E. Ridgway, the decedent herein, married Louise Alexander in Indiana, and several months thereafter a daughter, Mary Martha, the petitioner and respondent herein, was born. It is not denied that she is the child of the decedent. Six weeks after the birth of Mary Martha, the decedent left his wife and child and moved to Oregon, where three years later he secured a default divorce. Subsequently, the decedent remarried. Two children, Harold, one of the appellants, and Mary June, were the issue of his second marriage. Several years after Harold and Mary June were born, the decedent secured a Washington divorce from their mother. Later, he married Christel Ridgway, who survived him. There was no issue of his third marriage.
The decedent had no communication with Mary Martha from the time he left her until his death. She remained in Indiana. Harold and Mary June knew of her as their half-sister, but conversation about the Indiana family seems to have been suppressed by the decedent.
The decedent died in Seattle December 16, 1946, nine days after he had executed a nonintervention will. The will was admitted to probate on December 21, 1946. On December 9, 1947, Mary Martha filed her petition alleging that she was the daughter of the decedent; that she was not named or provided for in his will; that, as to her, the decedent died intestate; and that, under Rem. Rev. Stat. § 1402 [P.P.C. § 219-17], she was entitled, as a matter of law, to share in her father's estate as if he had died intestate.
After a hearing, the trial court granted her petition and entered an order to that effect. From this order, the National Bank of Commerce, as executor, and Harold Ridgway appeal.
Appellants contend that the trial court erred in holding that Mary Martha was not named or provided for in the will, and that Carl Ridgway died intestate as to her.
After certain specific bequests to Harold, Mary June, and Christel, the will created two trusts. The named beneficiaries of these trusts were also Harold, Mary June, and *Page 251 
Christel. The only language in the instrument which is material to this case is paragraph D of Art. VI, which reads:
"If all the beneficiaries heretofore named or described herein die prior to the distribution in full of the trust or trusts hereunder, then at the death of such beneficiary who is the last to die, or in the event I survive all the said beneficiaries, then upon my death, the trust or trusts hereunder, or the undistributed portion or portions thereof, as the case may be, shall be paid and distributed to my then living legal heirs as determined in accordance with the then existing laws of the state of Washington which control the descent and distribution of intestate estates." (Italics ours.)
Mary Martha is not named or provided for in the will in any way, unless, as appellants contend, she is named or providedfor in the above italicized part of the will.
Rem. Rev. Stat. § 1402, the effect of which the appellants seek to avoid, reads as follows:
"If any person make his last will and die leaving a child or children or descendants of such child or children not named orprovided for in such will, although born after the making of such will or the death of the testator, every such testator, as to such child or children not named or provided for, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part." (Italics ours.)
Does the language of Art. VI (D) sufficiently name or providefor Mary Martha so as to make the statute inapplicable?
[1] In Gehlen v. Gehlen, 77 Wn. 17, 137 P. 312, the court, in construing the provision of a will which provided:
"`I make no provision for my children after my death, or any child which may hereafter be born, knowing that my said wife, who is their mother, will deal justly with them,'"
stated the question on appeal to be:
"Can the children of a testator be disinherited by naming them as a class, or must they be named specifically by each of their individual names, or by terms of individual identification?" *Page 252 
The holding of the court in that case was as follows:
"It seems to us more consonant with the obvious purpose of the statute to hold that the naming of the children as a class, whether for the purpose of providing for them or for the purpose of disinheritance, when coupled with language conveying either intention, is such naming as to show that no child has been unintentionally overlooked, to avoid which contingency was the sole purpose of the statute." (Italics ours.)
From this, it appears that the naming of children under the statute need not be done by name exclusively but can be done by referring to them as children. In our other cases, typical language such as "the naming of the children as a class" is used, which we think is synonymous with saying that the children constitute the class referred to and that no other person or classes of persons were intended to be included in the children's class under our decisions.
This appears from In re Bauer's Estate, 5 Wn.2d 165,105 P.2d 11, in which the language in the will was:
"`Ray W. Bauer to make what disposition he see fit, with at least one dollar to each heir'",
in which it was held:
"We are convinced, from careful study of the will now before us, that in the light of the authorities it cannot be held that appellant was included within the words `each heir,' as contained in the will. The will contains no mention of appellant by name, nor does it contain the least reference to any child."
[2] Whether we look to evidence within the will, as in Hillv. Hill, 7 Wn. 409, 35 P. 360, and In re Bauer's Estate,supra, or to evidence of surrounding circumstances, as In reHarper's Estate, 168 Wn. 98, 10 P.2d 991, 15 P.2d 1119,Donnelly v. National Bank of Washington, 27 Wn.2d 622,179 P.2d 333, and In re Halle's Estate, 29 Wn.2d 624,188 P.2d 684, it still does not appear that the decedent intended to disinherit Mary Martha.
We therefore hold that the will has not named Mary Martha as we have construed the requirement of the statute. *Page 253 
The only case in our reports which is not in harmony with this holding is In re Harper's Estate, supra.
The Harper will provided:
"`In case any child or children shall hereafter be born to me, I bequeath to each such child the sum of five dollars, and in the event any person shall contest this will or attempt to establish that he or she is entitled to any portion of my estate or to any right as an heir to me, I hereby give and bequeath to such person the sum of five dollars.'"
Hope Harper, the testator's only daughter, was born prior to the execution of the will and could not have been referred to in the first portion of the quoted paragraph. She contended that the second portion, likewise, failed to name or provide for her and therefore invoked Rem. Rev. Stat. § 1402. This court, reversing a judgment favorable to her, held that she had been named or provided for.
The rationale of that case proceeded as follows: First, the universally recognized object of the statute, viz., the prevention of the inadvertent disinheritance of children, was stated and approved. Then it was asserted that the naming of children as a class, coupled with language conveying an intention either to disinherit or provide for children, is such a naming as will accomplish that object, citing Gehlen v. Gehlen, supra.
The court, repudiating Oregon and Washington cases to the contrary, then quoted approvingly from Missouri, California, and Wisconsin cases which had held that the word "heir" necessarily included children as a class. From which it then treated heirs, as a class, and children, as a class, as being synonymous.
The later case of In re Bauer's Estate, supra, does not now permit that construction.
We think that, in the light of In re Bauer's Estate, we misstated and misapplied the rule of the Gehlen case in theHarper case in holding that the word "heirs" was broad enough to "name" Hope Harper, and that the language of the will, when read in connection with surrounding facts and circumstances, showed that her father "must have had her in mind" when he executed his will. The Gehlen rule is more exacting. It requires that a testator, in order to *Page 254 
prevent the invocation of the statute against his estate, must at least use words which describe his children as a class and must couple them with other language which conveys the intention either of providing for them or of disinheriting them. Language any less certain, according to the Gehlen rule, will not satisfy this court that he had not inadvertently disinherited his children. The less exacting proposition stated in the Harper
case would render ineffectual the legislative purpose as embodied in the plain words of the statute.
[3] Appellants may well concede this and still contend that Mary Martha was "provided for," which would be sufficient under the disjunctive language of the statute "named or provided for."
To hold with appellants on this point, we must find that the contingent bequest to "my then living legal heirs" satisfies the statutory words "provided for."
In an early line of cases this court construed the words "provided for" in I Hill's Code, § 1465. Other provisions of this statute differ slightly from Rem. Rev. Stat. § 1402, but the words "provided for" have the same meaning in each, and the early cases made it clear that a child is not "provided for" when the gift is provisional or is contingent, or when there is a limitation over which is subject to defeasance or exhaustion before the child's rights mature. It was held in Bower v.Bower, 5 Wn. 225, 31 P. 598; In re Barker's Estate,5 Wn. 390, 31 P. 976; and Purdy v. Davis, 13 Wn. 164,42 P. 520, that the phrase "provided for" calls for some beneficial provision which vests directly and absolutely in the child and becomes legally available.
The contingency here in question did not occur, and intestacy was not invoked. Mary Martha is not "provided for" as required by the statute.
The classification "my then living heirs," of course, includesinter alia "children" as a class. Thus it can be said that the making of even a contingent bequest necessarily involves the method of identifying the devisees. But if it be thought that such a contingent provision, which fails to *Page 255 
satisfy the "provided for" alternative of the statute, can nevertheless satisfy the "named" alternative of the statute, the result would be that an unreal "provided for" could masquerade as a "naming." The shadow cannot take the place of the substance. Little would be left of the statute if neither one nor the other of the alternatives "named" or "provided for" did not have to stand on its own feet.
The judgment is affirmed.
JEFFERS, C.J., STEINERT, and HILL, JJ., concur.
BEALS, J., concurs in the result.